1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13

14    HUNTER BROWN, *et al.*,                )    Case No. 11-cv-73-L(WMC)
                                             )
15            Plaintiffs,                    )    **ORDER GRANTING MOTION TO**
                                             )    **APPROVE SETTLEMENT OF CLAIM**
      v.                                     )    **OF MINOR [DOC. 18]**
16                                           )
      UNITED STATES OF AMERICA,              )
17                                           )
              Defendant.                     )
18                                           )
                                             )
19          Plaintiff Hunter Brown, a minor, by and through his mother and guardian *ad litem*, Lori

20    Brown, petitions this Court for an order approving the settlement of the claim of minor Hunter

21    Brown.  This action brought under the Federal Torts Claims Act ("FTCA") for personal injuries

22    arises from an automobile collision that occurred on September 15, 2007 within Camp

23    Pendleton, California.  (Compl. ¶ 1.)  This petition for approval of settlement is unopposed.

24          The Court finds this motion suitable for determination on the papers submitted and

25    without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS**

26    Plaintiffs' motion.

27    //

28    //

11cv73

I.     BACKGROUND

On September 15, 2007, Mrs. Brown was driving a minivan eastbound on a road within the U.S. Marine Corps Base at Camp Pendleton, California.  (Compl. ¶¶ 3, 8.)  Hunter Brown was a passenger in the minivan.  (*Id.* ¶ 8.)  Plaintiffs allege that without warning a camouflaged 2007 AM General High Mobility Multi Wheeled Vehicle (HMMWV), driven by U.S. Marine Corps personnel, attempted to change lanes into Plaintiffs' lane without first ascertaining whether it was safe to do so.  (*Id.*)  As a result, the U.S. Marine Corps vehicle encroached upon the path of Plaintiffs' vehicle, damaging the driver's side mirror and forcing Mrs. Brown to swerve to the right to avoid further impact.  (*Id.*)  That forced Plaintiffs' vehicle to jump the curb on the edge of the roadway.  (*Id.*)

Hunter Brown, born on February 24, 2000, was seven years old at the time.  (Compl. ¶¶ 4, 19.)  At the time of the collision, he was a restrained passenger who was seated in a car seat.  (*Id.* ¶ 19.)  "The booster seat was necessary because of his pre-existing cerebral palsy and epilepsy conditions."  (Pls.' Mot. 3:4–11.)  When the accident occurred, the child restraint and car seat came loose causing Hunter Brown to strike his head.  (*Id.*)  At the collision scene, Hunter Brown had a seizure, and was subsequently taken to a children's hospital.  (*Id.*)  Following initial treatment, he was then transported to a different children's hospital.  (*Id.* at 4:2–14; Crandall Decl. Ex. B.)

Hunter Brown suffered a closed-head injury, post-traumatic seizure v. baseline seizure due to the head trauma sustained from the collision.  (Pls.' Mot. 4:15–19.)  After his examination, his condition stabilized and he was released from the hospital.  (*Id.*)

Post-accident, Hunter Brown continued with his pre-accident regimen of occupational therapy and physical therapy.  (Pls.' Mot. 4:28–5:5; Crandall Decl. Ex. D.)

On September 19, 2008, Plaintiffs' counsel spoke with a doctor who had seen Hunter Brown in June 2008.  (Pls.' Mot. 5:14–22.)  It was his opinion that Hunter Brown had hit his head fairly hard and had "healed" from his traumatic injuries.  (*Id.*)  However, it appeared now that Hunter Brown had more trouble with his seizures for a period of time following the collision.  (*Id.*)  However, his epilepsy returned to baseline.  (*Id.*; Crandall Decl. ¶ 7.)

11cv73

1       The total paid medical charges for Hunter Brown's collision-related treatment was

2   $7,929.57.  (Crandall Decl. Ex. F.)  He is insured through his father's health insurance with

3   TRICARE (also known as "CHAMPUS"), which is a federally funded health-insurance

4   program.  (Pls.' Mot. 5:1–11.)  TRICARE benefits were provided because Hunter Brown's

5   father is an active-duty Marine.  (*Id.*)  However, Hunter Brown's parents are not seeking any

6   reimbursement for out-of-pocket expenses, including but not limited to co-payments made for

7   his collision-related medical care.  (*See* Crandall Decl. ¶ 9.)

8       On January 13, 2011, Plaintiffs commenced this FTCA action alleging claims for

9   personal injuries and property damage sustained in the automobile collision and for negligent

10  infliction of emotional distress.  Though a settlement was not reached during the October 20,

11  2011 Early Neutral Evaluation before United States Magistrate Judge William McCurine, Jr., the

12  parties continued settlement negotiations.

13      Eventually, Defendant offered $25,000.00 to settle this action in its entirety, whereby

14  Mrs. Brown agreed to allocate half of that settlement to Hunter Brown for full and complete

15  settlement of his claims for damages.  (Pls.' Mot. 6:19–28.)  Furthermore, Plaintiffs' counsel is

16  not requesting attorneys' fees from Hunter Brown's settlement.  (*Id.* at 7:2–15.)  Plaintiffs'

17  counsel rather is only requesting reimbursement of half of the out-of-pocket expenses used to

18  prosecute this case.  (Crandall Decl. ¶ 11.)  Half of the out-of-pocket expenses totaled $1,240.84.

19  (Crandall Decl. Ex. H.)  The proposed net allocation of the settlement proceeds to Hunter Brown

20  would be $11,259.16.[1]  (Crandall Decl. ¶ 13.)  Plaintiffs propose that the settlement proceeds for

21  Hunter Brown be used to purchase an exterior tilting-platform wheelchair lift and interior swivel

22  seat to be installed in the Browns' van and used to transport Hunter Brown.  (*Id.* ¶ 14.)  Plaintiffs

23  attached estimates from Mobility Solutions, which estimate that the cost of the platform and seat

24  including installation to be $12,438.00.  (Crandall Decl. Ex. I.)  If the cost of the lift and seat

25  exceeds the amount of the settlement, Mr. and Mrs. Brown intend to pay the difference between

26

27      [1] The calculation for the proposed net allocation is as follows: $12,500.00 [Gross
    Settlement] – $1,240.84 [Litigation Costs] – $0.00 [Attorney's Fees] = $11,259.16 [Net
28  Allocation for Hunter Brown].

1   the settlement and the cost of the lift and seat themselves.  (Crandall Decl. ¶ 14.)

2

3   **II.     ANALYSIS**

4        "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c),

5   to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177,

6   1181 (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a

7   guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person

8   who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)).  Consequently, "a court

9   must independently investigate and evaluate any compromise or settlement of a minor's claim to

10  assure itself that the minor's interests are protected, even if the settlement has been

11  recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United*

12  *States*, 724 F.2d 1357, 1364 (9th Cir. 1983) (citations omitted).

13       In cases involving the settlement of a minor's federal claim, district courts should "limit

14  the scope of their review to the question whether the net amount distributed to each minor

15  plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's

16  specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor

17  plaintiff's net recovery without regard to the proportion of the total settlement value designated

18  for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special

19  duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacanay v. Mendoza*, 573 F.2d 1075,

20  1078 (9th Cir. 1978)).  "So long as the net recovery to each minor plaintiff is fair an reasonable

21  in light of their claims and average recovery in similar cases, the district court should approve

22  the settlement as proposed by the parties." *Id.* at 1182.

23       To support the petition for approval of settlement of the claim of a minor, Plaintiffs

24  provide a description of the case and its history, along with medical records, medical bills,

25  records of litigation costs, and an estimate for the purchase and installation of the lift and seat for

26  Hunter Brown.  Though the costs of medical treatment are discussed, those values are not as

27  relevant because Plaintiffs are not seeking reimbursement of any out-of-pocket payments related

28  to medical treatment.  Also noteworthy is that Plaintiffs' counsel is not requesting any attorney's

1    fees from Hunter Brown's proposed settlement.  Most importantly, the proceeds from the

2    proposed settlement will entirely go towards directly benefitting Hunter Brown through the

3    purchase and installation of the lift and swivel seat in the Browns' van.

4           Having reviewed the record in this case, the Court finds that the proposed settlement of

5    the claim of minor Hunter Brown to be fair, adequate, and reasonable.

6

7    **IV.    CONCLUSION & ORDER**

8           In light of the foregoing, the Court **GRANTS** Plaintiffs' unopposed petition for an order

9    approving the settlement of the claim of minor Hunter Brown, and **APPROVES** of the proposed

10   settlement.  (Doc. 18.)

11          **IT IS SO ORDERED.**

12

13   DATED: October 12, 2012

14                                                                    M. James Lorenz
                                                                      United States District Court Judge

15   COPY TO:

16
     HON. WILLIAM MCCURINE, JR.
17   UNITED STATES MAGISTRATE JUDGE

18   ALL PARTIES/COUNSEL

19

20

21

22

23

24

25

26

27

28

                                                                                                    11cv73